**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.M.-1 and J.O.**

**No. 21-0188** (Kanawha County 19-JA-679 and 19-JA-680)

**MEMORANDUM DECISION**

Petitioner Father C.M.-2, by counsel Brenden D. Long, appeals the Circuit Court of Kanawha County's February 16, 2021, order terminating his parental rights to C.M.-1 and J.O.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph A. Curia III, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him an extension of his post-adjudicatory improvement period or, alternatively, a post-dispositional improvement period and failing to provide him notice of the final dispositional hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as C.M.-1 and C.M.-2, respectively, throughout this memorandum decision.

[2]Petitioner assigns no error to the termination of his parental rights. Further, petitioner prefaces this brief with a statement that it is, in part, raised pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.

In October of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner and the mother abused controlled substances that negatively affected their ability to parent the children and that petitioner failed to protect the children from the mother's substance abuse. According to the DHHR, the mother admitted that she abused heroin and methamphetamine. When confronted with her admissions, petitioner stated that he did not care that the mother was abusing substances in the home with the children. The DHHR also alleged that then five-year-old J.O. was observed out of the home and unsupervised. The DHHR claimed that J.O. was asking neighbors for food, that he was nearly hit by a car after he ran into the street, and that he was observed playing with a mason jar of marijuana.

The circuit court held a preliminary hearing in November of 2019, and, upon the presentation of evidence, the court found imminent danger to the children and ordered their removal from the home. The circuit court also ordered that the DHHR provide petitioner with parenting and adult life skills classes, random drug screening, a parental fitness evaluation, supervised visitation, and bus passes.

The circuit court convened an adjudicatory hearing in January of 2020, and petitioner stipulated that his substance abuse negatively affected his ability to parent the children and that he failed to protect the children from the mother's substance abuse. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which the circuit court denied. However, the court ruled that it would consider the motion again at a subsequent hearing and ordered the DHHR to continue to provide petitioner remedial services.

The circuit court held a dispositional hearing in June of 2020. Prior to the hearing, the DHHR submitted a report to the court, which stated that petitioner had been compliant with services and began visitation with the children that month. Petitioner renewed his motion for a post-adjudicatory improvement period, and the motion was granted without objection. The circuit court reviewed petitioner's improvement period in August of 2020 and found that he was compliant with services, but the court addressed some concerns with his participation. Nevertheless, the circuit court ordered that petitioner's improvement period continue, relying on the DHHR's recommendation for the same.

In November of 2020, the circuit court held a second hearing to review petitioner's improvement period. The guardian moved to terminate petitioner's improvement period due to petitioner's lack of progress. The DHHR and guardian reported that petitioner failed to properly supervise the children during visitation and the children engaged in dangerous play that the service providers had to redirect. The court also noted that petitioner had failed to comply with random drug screening since June of 2020. Ultimately, the circuit court terminated petitioner's improvement period.

The circuit court held a dispositional hearing on January 14, 2021. Petitioner was present in person and by counsel. The circuit court continued the hearing due to the DHHR's failure to file permanency plans for the children prior to the hearing. The circuit court announced the next hearing date of February 8, 2021, on the record, and petitioner's counsel acknowledged the date.

2

On February 8, 2021, the circuit court held the final dispositional hearing. Petitioner did not appear, but his counsel appeared and represented him. Petitioner moved for a post-dispositional improvement period. The circuit court heard testimony and admitted a DHHR summary of petitioner's participation. The evidence revealed that the children's behavior deteriorated after attending supervised visitation with petitioner. The children would act defiant toward their foster parents and state that petitioner said they did not have to listen to the foster parents. Petitioner also promised the children that when they returned to his care, he would allow them to do activities that the foster parents had forbidden, such as play violent video games. The DHHR reported that petitioner did not interact with the children during October visitations. Rather, petitioner sat between the children as they played on their cell phones. During another visit, the children played on a playhouse and climbed into a standing position on the roof of the house. Yet, petitioner did not redirect the children, relying instead on the visitation supervisor to instruct the children and eventually physically remove the children from the roof of the playhouse. Finally, despite direction from his service providers, petitioner failed to change his parenting or his behavior during visitation.

The parties reported that a multidisciplinary treatment ("MDT") meeting convened in January of 2021. During the meeting, petitioner "denied he was given any services." He further stated that he was unaware he should discipline the children during visitations and did not want to be "the bad person in the visits." The circuit court found that petitioner was afforded all available services, which he did not successfully complete. The court further found that petitioner did not fully accept responsibility for his parenting deficits, such as his inappropriate parenting during supervised visitations, and that this lack of acceptance prevented him from being successful in his improvement period. Ultimately, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected as petitioner failed to respond to services offered by the DHHR. The court further found that termination of petitioner's parental rights was necessary for the children's welfare. Petitioner now appeals the circuit court's February 16, 2021, order that denied his motion for a post-dispositional improvement period and terminated his parental rights to the children.[3]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[3]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him an extension of his post-adjudicatory improvement period or, alternatively, a post-dispositional improvement period. He asserts that he was willing to comply with the DHHR's services, passed all random drug screening, participated in counseling, and "would show" that he could provide proper parenting at supervised visitation during the improvement period. Based on these assertions, petitioner argues that he was in a position to successfully complete his improvement period in a timely manner. We find that petitioner's argument misstates the record and fails to consider the applicable law.

First, regarding petitioner's argument that the circuit court erroneously denied him an extension of his improvement period, we find no error. Petitioner fails to cite to a place in the record where he requested an extension of his post-adjudicatory improvement period, and, upon our review, it appears that no such extension was requested. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, petitioner's contention that the circuit court denied him an extension of his post-adjudicatory improvement period will not be considered.

Second, petitioner fails to consider the applicable standards for granting a post-dispositional improvement period, which, notably, would have been his second improvement period during the proceedings. West Virginia Code § 49-4-610(3)(B) provides that a circuit court may grant an improvement period if the parent can "demonstrate[], by clear and convincing evidence, that [he or she is] likely to fully participate in the improvement period." Furthermore, the parent must "demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). It is well established that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

Here, petitioner failed to demonstrate that he was likely to fully participate in an improvement period. The record provides that petitioner failed to submit to random drug screening, contrary to his assertions on appeal. At the time of the November of 2020 hearing, the circuit court found that petitioner had failed to comply with drug screening for more than five months, nearly the entirety of his improvement period. Furthermore, although petitioner was receiving parenting instruction, his supervised visitations revealed that he could not properly

4

supervise the children, and service providers were required to intervene to keep the children safe. These same providers testified that they attempted to instruct petitioner on how to parent the children, but he did not recognize the shortcomings in his parenting and was not amenable to change. Despite petitioner's assertion on appeal that he would show that he could properly parent the children, the evidence showed that he made no change to his parenting, even after instruction. Moreover, petitioner failed to demonstrate that he experienced a substantial change in circumstances. In fact, petitioner did not present any evidence at the final dispositional hearing that he experienced a change in circumstances. Petitioner failed to meet his burden of proof and was not entitled to a post-dispositional improvement period.

Furthermore, petitioner fails to acknowledge that his motion for a post-dispositional improvement period would exceed the statutory time limit for improvement periods without compelling evidence to justify such an extension. Pursuant to West Virginia Code § 49-4-610(9),

> no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child[ren]'s best interests to extend the time limits contained in this paragraph.

At the time of the February 2021 dispositional hearing, the children had already been in foster care for fifteen months. Thus, an additional six-month post-dispositional improvement period would only be permissible if it would be in the children's best interests. The record does not support such a finding. Despite the DHHR offering petitioner services for several months, he failed to substantially change his parenting, which the witnesses agreed was not appropriate for the children. The court found that petitioner still could not safely parent the children and that it was necessary for the children's welfare to terminate his parental rights.

> Although it is sometimes a difficult task, the trial court must accept the fact that the statutory limits on improvement periods (as well as our case law limiting the right to improvement periods) dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996). Accordingly, we find no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period. Petitioner is entitled to no relief on appeal.

Finally, we find that petitioner's second assignment of error, that the circuit court erred in terminating his parental rights without notifying him of the dispositional hearing, is without merit. Petitioner was present in person and by counsel during the dispositional hearing held on January 14, 2021. The circuit court continued that hearing on the record after conferring with all parties regarding the date of the subsequent hearing. The circuit court set a hearing date on February 8, 2021, which was more than ten days later and satisfied the notice requirements for child abuse and neglect cases. *See* W. Va. Code § 49-4-601(e) (requiring "ten days' notice" of

any hearing, other than the preliminary hearing). Additionally, the circuit court's order following the January 14, 2021 hearing was entered on January 21, 2021, provided to petitioner's counsel, and included notice of the February 8, 2021, hearing date in the order. Accordingly, as petitioner was present in person and by counsel when the final dispositional hearing date was announced and the circuit court's order provided written notice of the February 8, 2021, hearing date, we find that petitioner was properly noticed for that hearing. He is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 16, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton